**STATE OF RHODE ISLAND**
**NEWPORT, SC**

**SUPERIOR COURT**

JEFFREY A. AFFONSO, II
Plaintiff,

v.

DAVID BISSONETTE, Individually and in his capacity as a Police Officer of the Town of Middletown, KELLY MITCHELL, Individually and in her capacity as a Police Officer of the Town of Middletown, SHAWN J. BROWN, in his capacity as Finance Director of the Town of Middletown, and WILLIAM BURNS, Individually, and in his former capacity as Chief of Police of the Town of Middletown

C.A. No. NC-05-0185

SUPERIOR COURT
FILED
CHARLES H. HOLLIS, CLERK
05 APR 25 AM 8:44

## COMPLAINT

1. Plaintiff, Jeffrey A. Affonso, II, resides at 5-B Bristol Road, Middletown, Rhode Island.

2. Defendant, David Bissonette, is sued individually and in his official capacity as a police officer of the Town of Middletown.

3. Defendant, Kelly Mitchell, is sued individually and in her official capacity as a police officer of the Town of Middletown.

4. Defendant, Shawn J. Brown, is sued in his official capacity as Finance Director of the Town of Middletown.

5. Defendant, William Burns, is sued individually and in his former official capacity as Chief of Police of the Town of Middletown.

6. That Defendant William Burns exercised supervision for and was responsible for the supervision of Defendants Bissonette and Mitchell.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

#3876

oth
4J

(1)

7. That on or about September 9, 2003, Defendants Bissonette and Mitchell, without probable cause and/or reasonable suspicion to believe that the Plaintiff Jeffrey A. Affonso, II, and/or Joseph Affonso had or were about to commit a crime, unlawfully, illegally and unconstitutionally arrested them, while on their own property. That the individual defendants, Bissonette and Mitchell, Middletown Police Officers, were, at all times, relevant herein, acting within the course and scope of their employment and under color of state law on said September 9, 2003.

8. That at all times relevant hereto, the individual defendants acted willfully and wantonly, and with deliberate indifference to the rights and feelings of the Plaintiff.

9. That at all times relevant hereto, the individual defendants acted in accordance within an established policy, practice, custom and/or procedure, which violated the Plaintiff's known constitutional rights. Upon information and belief, the Defendants acted in accordance with the unconstitutional policy, which authorized them to enter in and upon the Plaintiff's property without a warrant or without any exception to the warrant requirement, and unlawfully and illegally detain, stop, and arrest the Plaintiff.

10. That at all relevant times hereto, the individual defendants acted without reasonable suspicion and/or probable cause to believe that the Plaintiff was involved in or about to commit a crime.

11. That the Defendants illegally detained the Plaintiff without probable cause and without an arrest warrant.

12. That as a result of the false and wrongful arrest of the Plaintiff, Plaintiff suffered physical injuries as a result of the excessive use of force by the defendants, and as a result

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

thereof, suffered compensatory damages, including but not limited to, medical bills, pain and suffering, loss of enjoyment of life, and punitive damages.

**COUNT I**

**42 U.S.C 1983**

**(FOURTH AMENDMENT/ARTICLE 1, § 6)**

13. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

14. That the Plaintiff's arrest was without probable cause and in violation of his civil rights under the Fourth Amendment of the United States Constitution and Article 1, § 6 the Rhode Island Constitution.

15. That the Defendants' actions as aforesaid constitute a knowing violation and deprivation of a rights secured by the Constitution of the United States and the Rhode Island Constitution in violation of 42 U.S.C. § 1983, specifically, the right to be free from excessive and unreasonable police action, the deprivation of liberty without due process of law; the right to be secure against unreasonable searches and seizures; and, the right to equal protection of the laws.

16. That the acts of the all of the defendants in violation of the United States Constitutional rights and the Rhode Island Constitutional rights of the Plaintiff justify an award of reasonable fees under 42 U.S.C. § 1988 and, the Plaintiff is entitled to recover against all defendants for injuries, damages and losses proximately caused by their conduct as set forth in the Complaint.

WHEREFORE, the Plaintiff seeks compensatory damages, including, but not limited to damages for medical bills, pain and suffering, emotional distress, humiliation, punitive damages and such other and further relief as this court deems just and appropriate.

True Copy Attest

Charles H. Hollis

Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

**COUNT II**

**42 U.S.C 1983**

**(FIFTH AMENDMENT/ARTICLE 1, § 2)**

17. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

18. That the actions of the Defendants as aforesaid violated the Plaintiff's rights secured by the Fifth Amendment to the Constitution of the United States and Article 1, § 2 the Rhode Island Constitution in violation of 42 U.S.C. § 1983, specifically, the right to be free from excessive and unreasonable police action, the deprivation of liberty without due process of law; the right to be secure against unreasonable searches and seizures; and, the right to equal protection of the laws.

19. That the acts of the all of the defendants in violation of the United States Constitutional rights and the Rhode Island Constitutional rights of the Plaintiff justify an award of reasonable fees under 42 U.S.C. § 1988 and, the Plaintiff is entitled to recover against all defendants for injuries, damages and losses proximately caused by their conduct as set forth in the Complaint.

WHEREFORE, the Plaintiff seeks compensatory damages, including, but not limited to damages for medical bills, pain and suffering, emotional distress, humiliation, punitive damages and such other and further relief as this court deems just and appropriate.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

**COUNT III**

**(FALSE ARREST/FALSE IMPRISONMENT)**

20. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

21. That the Defendants intended to restrict the Plaintiff's freedom of movement. The Plaintiff's freedom of movement was directly restricted by the acts of the Defendants by illegally stopping, detaining, and arresting the Plaintiff without reasonable suspicion or probable cause.

22. That the Plaintiff was aware that his freedom of movement was restricted and suffered great humiliation, injury to reputation, emotional injuries and damages as a result of being falsely arrested and detained for investigation of a crime for which he did not participate and/or wrongly identified.

23. That Defendants have caused damages to the Plaintiff by their false arrest and detention of the Plaintiff, and Plaintiff is entitled to recover against the Defendants for injuries, damages, and losses proximately caused by their false arrest as set forth in this Complaint.

WHEREFORE, the Plaintiff seeks compensatory damages, including, but not limited to damages for medical bills, pain and suffering, emotional distress, humiliation, punitive damages and such other and further relief as this court deems just and appropriate.

**COUNT IV**

**(NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

24. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

25. That the Defendants, by their actions as set forth above, were negligent.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

26. That the Defendants' negligence created an unreasonable risk of physical harm to the Plaintiff and caused the Plaintiff to be put in fear for of his own safety, which was shown by the emotional disturbance of the Plaintiff.

27. That the Defendants have directly and proximately caused, by way of their negligent and intentional infliction of emotional distress upon the Plaintiff, the injuries, damages and losses set forth herein; and, the Plaintiff is entitled to recover against the Defendants for damages caused by their conduct as set forth in this Complaint.

WHEREFORE, the Plaintiff seeks compensatory damages, including, but not limited to damages for medical bills, pain and suffering, emotional distress, humiliation, punitive damages and such other and further relief as this court deems just and appropriate.

**COUNT V**

**(COMMON LAW NEGLIGENCE)**

28. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

29. That the above-referenced acts or omissions of the Defendant were negligent.

30. That the negligent acts and omissions were a direct proximate cause of the injuries, damages, and losses to the Plaintiff; and, the Plaintiff is entitled to recover against the Defendants for damages caused by their negligence as set forth in the Complaint.

WHEREFORE, the Plaintiff seeks compensatory damages, including, but not limited to damages for medical bills, pain and suffering, emotional distress, humiliation, punitive damages and such other and further relief as this court deems just and appropriate.

**COUNT VI**

**(NEGLIGENT FAILURE TO SUPERVISE, TRAIN & HIRE)**

31. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

32. That the Defendant, William Burns, in his former capacity as Chief of Police, is required to supervise the actions of his police officers. Defendants Bissonett and Mitchell are employees of Defendant Middletown Police Department.

33. That the Defendant, William Burns, created an unreasonable risk of harm to the Plaintiff by failing to adequately supervise, control or otherwise monitor the activities of its employees, namely, Defendants Bissonette and Mitchell. Further, Defendant Burns knew of or was aware of past related illegal conduct engaged in by Mitchell and failed to take any action to correct her past malfeasance.

34. That Defendant Burns, has caused damages by way of his negligent supervision, and the Plaintiff is entitled to recover against Defendant Burns and the Town of Middletown for his injuries, damages and loss caused by Defendant Town of Middletown's conduct as set forth herein.

WHEREFORE, the Plaintiff seeks compensatory damages, including, but not limited to damages for medical bills, pain and suffering, emotional distress, humiliation, punitive damages and such other and further relief as this court deems just and appropriate.

**COUNT VII**

**(NEGLIGENT FAILURE TO SUPERVISE, TRAIN & HIRE)**

35. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

36. That Defendant Shawn J. Brown, in his capacity as Finance Director of the Town of Middletown, is required to adequately train its police officers, namely, Bissonett, Mitchell and Burns.

37. That Defendant Town of Middletown, created an unreasonable risk of harm to the Plaintiff for failing to adequately train its employees, Defendants Bissonette, Mitchell and Burns.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

Specifically, Defendant Town of Middletown was negligent for failing to adequately train its employees regarding probable cause, arrest procedure, and the warrant requirement.

38. That Defendant Town of Middletown, caused injuries, damages, and losses to the Plaintiff by virtue of its negligent training and, the Plaintiff is entitled to recover against Defendant Town of Middletown for injuries, damages and losses caused by Defendants Town of Middletown's conduct as set forth herein.

WHEREFORE, the Plaintiff seeks compensatory damages, including, but not limited to damages for medical bills, pain and suffering, emotional distress, humiliation, punitive damages and such other and further relief as this court deems just and appropriate.

***PLAINTIFF DEMANDS A TRIAL BY JURY***

**JEFFREY A. AFFONSO**
By and through their attorneys,

HOULIHAN, MANAGHAN & KYLE, LLP

By ____________________

Keith B. Kyle, Esq. #3876
130 Bellevue Avenue, Unit #3
Newport, RI 02840
(401) 846-7777
(401) 848-7141 *facsimile*

Dated: 4-19-05

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island