**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JEFFREY A. AFFONSO, II

*Plaintiff*

V.

C.A. No. 04-
(R.I. Superior Court – NC05-0185)

05 207ML

DAVID BISSONETTE, Individually and in his capacity as a Police Officer of the Town of Middletown, KELLY MITCHELL, Individually and in her capacity as a Police Officer of the Town of Middletown, SHAWN J. BROWN, in his capacity as Finance Director of the Town of Middletown, and WILLIAM BURNS, Individually and in his former capacity as Chief of Police of the Town of Middletown,

*Defendants*

PETITION FOR REMOVAL

**To:** ***The United States District Court for the District of Rhode Island***

1. Please take notice that the defendants, Please take notice that the defendants, DAVID BISSONETTE, individually and in his capacity as a Police Officer of the Town of Middletown, KELLY MITCHELL, individually and in her capacity as a Police Officer of the Town of Middletown, SHAWN J. BROWN, in his capacity as Finance Director of the Town of Middletown, and WILLIAM BURNS, individually and in his former capacity as Chief of Police of the Town of Middletown, specially appear and state that they are defendants in a civil action filed in the Providence County Superior Court entitled *Jeffrey A. Affonso, II v. David Bissonette et al., C.A. NO. NC05-0185.* Certified copies of the record from the Providence County Superior



2

Court are attached hereto as Exhibit A.

2. The aforesaid action was commenced with the filing of a Summons and Complaint. Upon information and belief, the Summons and Complaint was served on or about April 26, 2005 and April 27, 2005.

3. That the above described action, as stated in plaintiffs' complaint, is one of which this court has original jurisdiction pursuant to the provisions of 28 U.S.C. §1331 and is one which may be removed to this court by the defendants pursuant to the provisions of 28 U.S.C. §1441(a)-(d).

WHEREFORE, Defendants hereby specially appear and petition this Court for removal of the above captioned matter in accordance with 28 U.S.C. §1441(a)-(d).

Defendants,
By their attorney,

Marc DeSisto, Esq. #2757
DESISTO LAW
211 Angell Street
Providence, RI 02906
(401) 272-4442
(401) 272-9937 facsimile
E-Mail: marc@desistolaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that a true copy of the within was mailed, postage prepaid on this 11th day of May, 2005 to:

Keith B. Kyle, Esq.
Houlihan, Managhan & Kyle LLP
130 Bellevue Avenue, Unit #3
Newport, RI 02840

# Exhibit A

**STATE OF RHODE ISLAND**
**NEWPORT, SC**

**SUPERIOR COURT**

JEFFREY A. AFFONSO, II
Plaintiff,

v.

DAVID BISSONETTE, Individually and in his capacity as a Police Officer of the Town of Middletown, KELLY MITCHELL, Individually and in her capacity as a Police Officer of the Town of Middletown, SHAWN J. BROWN, in his capacity as Finance Director of the Town of Middletown, and WILLIAM BURNS, Individually, and in his former capacity as Chief of Police of the Town of Middletown

C.A. No. NC-05-0185

SUPERIOR COURT
FILED
CHARLES H. HOLLIS, CLERK
05 APR 25 AM 8:44

**COMPLAINT**

1. Plaintiff, Jeffrey A. Affonso, II, resides at 5-B Bristol Road, Middletown, Rhode Island.

2. Defendant, David Bissonette, is sued individually and in his official capacity as a police officer of the Town of Middletown.

3. Defendant, Kelly Mitchell, is sued individually and in her official capacity as a police officer of the Town of Middletown.

4. Defendant, Shawn J. Brown, is sued in his official capacity as Finance Director of the Town of Middletown.

5. Defendant, William Burns, is sued individually and in his former official capacity as Chief of Police of the Town of Middletown.

6. That Defendant William Burns exercised supervision for and was responsible for the supervision of Defendants Bissonette and Mitchell.

#3876

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

oth
4J

7. That on or about September 9, 2003, Defendants Bissonette and Mitchell, without probable cause and/or reasonable suspicion to believe that the Plaintiff Jeffrey A. Affonso, II, and/or Joseph Affonso had or were about to commit a crime, unlawfully, illegally and unconstitutionally arrested them, while on their own property. That the individual defendants, Bissonette and Mitchell, Middletown Police Officers, were, at all times, relevant herein, acting within the course and scope of their employment and under color of state law on said September 9, 2003.

8. That at all times relevant hereto, the individual defendants acted willfully and wantonly, and with deliberate indifference to the rights and feelings of the Plaintiff.

9. That at all times relevant hereto, the individual defendants acted in accordance within an established policy, practice, custom and/or procedure, which violated the Plaintiff's known constitutional rights. Upon information and belief, the Defendants acted in accordance with the unconstitutional policy, which authorized them to enter in and upon the Plaintiff's property without a warrant or without any exception to the warrant requirement, and unlawfully and illegally detain, stop, and arrest the Plaintiff.

10. That at all relevant times hereto, the individual defendants acted without reasonable suspicion and/or probable cause to believe that the Plaintiff was involved in or about to commit a crime.

11. That the Defendants illegally detained the Plaintiff without probable cause and without an arrest warrant.

12. That as a result of the false and wrongful arrest of the Plaintiff, Plaintiff suffered physical injuries as a result of the excessive use of force by the defendants, and as a result

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

thereof, suffered compensatory damages, including but not limited to, medical bills, pain and suffering, loss of enjoyment of life, and punitive damages.

**COUNT I**

**42 U.S.C 1983**

**(FOURTH AMENDMENT/ARTICLE 1, § 6)**

13. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

14. That the Plaintiff's arrest was without probable cause and in violation of his civil rights under the Fourth Amendment of the United States Constitution and Article 1, § 6 the Rhode Island Constitution.

15. That the Defendants' actions as aforesaid constitute a knowing violation and deprivation of a rights secured by the Constitution of the United States and the Rhode Island Constitution in violation of 42 U.S.C. § 1983, specifically, the right to be free from excessive and unreasonable police action, the deprivation of liberty without due process of law; the right to be secure against unreasonable searches and seizures; and, the right to equal protection of the laws.

16. That the acts of the all of the defendants in violation of the United States Constitutional rights and the Rhode Island Constitutional rights of the Plaintiff justify an award of reasonable fees under 42 U.S.C. § 1988 and, the Plaintiff is entitled to recover against all defendants for injuries, damages and losses proximately caused by their conduct as set forth in the Complaint.

WHEREFORE, the Plaintiff seeks compensatory damages, including, but not limited to damages for medical bills, pain and suffering, emotional distress, humiliation, punitive damages and such other and further relief as this court deems just and appropriate.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

**COUNT II**

**42 U.S.C 1983**

**(FIFTH AMENDMENT/ARTICLE 1, § 2)**

17. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

18. That the actions of the Defendants as aforesaid violated the Plaintiff's rights secured by the Fifth Amendment to the Constitution of the United States and Article 1, § 2 the Rhode Island Constitution in violation of 42 U.S.C. § 1983, specifically, the right to be free from excessive and unreasonable police action, the deprivation of liberty without due process of law; the right to be secure against unreasonable searches and seizures; and, the right to equal protection of the laws.

19. That the acts of the all of the defendants in violation of the United States Constitutional rights and the Rhode Island Constitutional rights of the Plaintiff justify an award of reasonable fees under 42 U.S.C. § 1988 and, the Plaintiff is entitled to recover against all defendants for injuries, damages and losses proximately caused by their conduct as set forth in the Complaint.

WHEREFORE, the Plaintiff seeks compensatory damages, including, but not limited to damages for medical bills, pain and suffering, emotional distress, humiliation, punitive damages and such other and further relief as this court deems just and appropriate.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

## COUNT III

## (FALSE ARREST/FALSE IMPRISONMENT)

20. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

21. That the Defendants intended to restrict the Plaintiff's freedom of movement. The Plaintiff's freedom of movement was directly restricted by the acts of the Defendants by illegally stopping, detaining, and arresting the Plaintiff without reasonable suspicion or probable cause.

22. That the Plaintiff was aware that his freedom of movement was restricted and suffered great humiliation, injury to reputation, emotional injuries and damages as a result of being falsely arrested and detained for investigation of a crime for which he did not participate and/or wrongly identified.

23. That Defendants have caused damages to the Plaintiff by their false arrest and detention of the Plaintiff, and Plaintiff is entitled to recover against the Defendants for injuries, damages, and losses proximately caused by their false arrest as set forth in this Complaint.

WHEREFORE, the Plaintiff seeks compensatory damages, including, but not limited to damages for medical bills, pain and suffering, emotional distress, humiliation, punitive damages and such other and further relief as this court deems just and appropriate.

## COUNT IV

## (NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

24. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

25. That the Defendants, by their actions as set forth above, were negligent.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

26. That the Defendants' negligence created an unreasonable risk of physical harm to the Plaintiff and caused the Plaintiff to be put in fear for of his own safety, which was shown by the emotional disturbance of the Plaintiff.

27. That the Defendants have directly and proximately caused, by way of their negligent and intentional infliction of emotional distress upon the Plaintiff, the injuries, damages and losses set forth herein; and, the Plaintiff is entitled to recover against the Defendants for damages caused by their conduct as set forth in this Complaint.

WHEREFORE, the Plaintiff seeks compensatory damages, including, but not limited to damages for medical bills, pain and suffering, emotional distress, humiliation, punitive damages and such other and further relief as this court deems just and appropriate.

**COUNT V**

**(COMMON LAW NEGLIGENCE)**

28. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

29. That the above-referenced acts or omissions of the Defendant were negligent.

30. That the negligent acts and omissions were a direct proximate cause of the injuries, damages, and losses to the Plaintiff; and, the Plaintiff is entitled to recover against the Defendants for damages caused by their negligence as set forth in the Complaint.

WHEREFORE, the Plaintiff seeks compensatory damages, including, but not limited to damages for medical bills, pain and suffering, emotional distress, humiliation, punitive damages and such other and further relief as this court deems just and appropriate.

**COUNT VI**

**(NEGLIGENT FAILURE TO SUPERVISE, TRAIN & HIRE)**

31. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

32. That the Defendant, William Burns, in his former capacity as Chief of Police, is required to supervise the actions of his police officers. Defendants Bissonett and Mitchell are employees of Defendant Middletown Police Department.

33. That the Defendant, William Burns, created an unreasonable risk of harm to the Plaintiff by failing to adequately supervise, control or otherwise monitor the activities of its employees, namely, Defendants Bissonette and Mitchell. Further, Defendant Burns knew of or was aware of past related illegal conduct engaged in by Mitchell and failed to take any action to correct her past malfeasance.

34. That Defendant Burns, has caused damages by way of his negligent supervision, and the Plaintiff is entitled to recover against Defendant Burns and the Town of Middletown for his injuries, damages and loss caused by Defendant Town of Middletown's conduct as set forth herein.

WHEREFORE, the Plaintiff seeks compensatory damages, including, but not limited to damages for medical bills, pain and suffering, emotional distress, humiliation, punitive damages and such other and further relief as this court deems just and appropriate.

**COUNT VII**

**(NEGLIGENT FAILURE TO SUPERVISE, TRAIN & HIRE)**

35. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

36. That Defendant Shawn J. Brown, in his capacity as Finance Director of the Town of Middletown, is required to adequately train its police officers, namely, Bissonett, Mitchell and Burns.

37. That Defendant Town of Middletown, created an unreasonable risk of harm to the Plaintiff for failing to adequately train its employees, Defendants Bissonette, Mitchell and Burns.

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

Specifically, Defendant Town of Middletown was negligent for failing to adequately train its employees regarding probable cause, arrest procedure, and the warrant requirement.

38. That Defendant Town of Middletown, caused injuries, damages, and losses to the Plaintiff by virtue of its negligent training and, the Plaintiff is entitled to recover against Defendant Town of Middletown for injuries, damages and losses caused by Defendants Town of Middletown's conduct as set forth herein.

WHEREFORE, the Plaintiff seeks compensatory damages, including, but not limited to damages for medical bills, pain and suffering, emotional distress, humiliation, punitive damages and such other and further relief as this court deems just and appropriate.

***PLAINTIFF DEMANDS A TRIAL BY JURY***

**JEFFREY A. AFFONSO**
By and through their attorneys,

HOULIHAN, MANAGHAN & KYLE, LLP

By ______________________
Keith B. Kyle, Esq. #3876
130 Bellevue Avenue, Unit #3
Newport, RI 02840
(401) 846-7777
(401) 848-7141 *facsimile*

Dated: 4-19-05

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

# STATE OF RHODE ISLAND
# SUPERIOR COURT

CIVIL
CASE COVER SHEET

Case * (Filled in by Clerk's Office)
NC-05-0185

This form must be filed with each original document that comences a civil proceeding in the Clerk's Office. If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| JEFFREY A. AFFONSO, II | DAVID BISSONETTE, Individually and in his capacity as a Police Officer of the Town of Middletown, KELLY MITCHELL, Individually and in her capacity as a Police Officer of the Town of Middletown, SHAWN J. BROWN in his capacity as (over) |

NATURE OF PROCEEDING — Check the applicable case type under main categories listed below. (check one only)

**District Court Appeal** ☐ Yes (check type below)

- ☐ AGA Agency appeal
- ☐ ANT Anti-trust
- ☐ ASB Assault and battery
- ☐ BKA Book account
- ☐ CIC Criminal inj. compensation
- ☐ CLA Common law assignment
- ☐ CLL Common law lien
- ☐ CON Contract
- ☐ CNV Conversion
- ☐ CRC Criminal conversation
- ☐ CRJ Civil Rights Job Discrimination
- ☐ DEJ Declaratory judgment
- ☐ DIN Recovery of damages/insurance
- ☐ DOJ Debt on judgment
- ☐ DPC Denial of probate claim
- ☒ Other than above (specify type): CIVIL RIGHTS CLAIM
- ☐ DTP Deceptive trade practice
- ☐ EXT Excessive tax
- ☐ FOR Forfeiture
- ☐ FRJ Foreign Judgment
- ☐ IDV Personal inj./property dam-vehicle
- ☐ INR Injunctive relief
- ☐ IPL Interpleader
- ☐ LIB Libel/slander
- ☐ MLE Malpractice/legal
- ☐ MME Malpractice/medical
- ☐ MOT Malpractice/other
- ☐ PDM Property damage
- ☐ PDV Property damage / vehicle
- ☐ PER Personal injury
- ☐ PIV Personal injury-vehicle
- ☐ PRL Product liabilty
- ☐ PRN Promissory note
- ☐ PRT Partition
- ☐ RIC Reinstate charter
- ☐ RLP Real property
- ☐ ROF Recovery of funds
- ☐ SAB Sexual abuse
- ☐ SPP Specific performance
- ☐ SXH Sexual harassment
- ☐ TAE Trespass and ejectment
- ☐ TCO Title clearing (other than tax title)
- ☐ TCT Trustee/appt convey title
- ☐ TRA Trustee/accounting
- ☐ UNM Uninsured motorist
- ☐ WOM Mandamus. Writ of
- ☐ WOR Replevin, Writ of
- ☐ WRD Wrongful death

## MISCELLANEOUS PETITIONS

- ☐ AOD Assessment of damages
- ☐ AOS Trustee successor
- ☐ AOT Trustee / appointment of
- ☐ ARA Arbitration award
- ☐ CAR Arbitration /confirm
- ☐ CFC Confirm compromise
- ☐ CND Condemnation
- ☐ CNT Contempt
- ☐ DOC Dissolution of corp.
- ☐ DOT Trustee / declination of
- ☐ DSC Disclaimer
- ☐ Other than above (specify type):
- ☐ EDP End partnership
- ☐ FOC Forfeiture of charter
- ☐ FRR Forclosure of right redemption
- ☐ GJI Grand jury investigation
- ☐ HAC Habeas corpus
- ☐ LCN Level of community notification
- ☐ MAW Material witness
- ☐ MEL Mechanics lien
- ☐ OSW Out of state witness
- ☐ PCR Post conviction relief
- ☐ PFC Petition for constable
- ☐ PFI Petition for immunity
- ☐ PFR Petition for review
- ☐ PFS Perform surgery
- ☐ PIN Pet for inventory (wire tap)
- ☐ PTD Pet to take deposition
- ☐ PTE Petition to expunge
- ☐ R5A Rule 5A petition
- ☐ REC Receivership
- ☐ RTA Arbitration referral
- ☐ SVP Sexually violent predator petition
- ☐ TCL Title clearing (tax title)
- ☐ TLF Foreclosure / tax lien
- ☐ VAR Arbitration / vacate

## PROBATE APPEALS

- ☐ WIL Will
- ☐ TRS Trust
- ☐ GRD Guardianship
- ☐ NAC Name change
- ☐ Other than above (specify type):

Is this a case that may require a trial for resolution? ☐ No ☐ yes: ☒ Jury or ☐ Non-jury

( Attorney name and Registration # Keith B. Kyle, #3876 4/18/05 (Date)

Pro se/Name ______________________

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

SC-223 (Rev. 11/00)

# STATE OF RHODE ISLAND
## Superior Court
## RECEIPT

NEWPORT COUNTY SUPERIOR COURT
45 Washington Sq., Newport, RI 02840
Tel. (401) 841-8330

4-25-05
date received

Houlihan, Monaghan, Kyle
received from — tel. no.

address

Geoffrey A Alfonso v David Lamontre
case title

NC 05-185
case no.

☐ Cash ☒ Check ☐ Money Order

| TRANSACTION TYPE | AMOUNT |
|---|---|
| Civil case filing fee # 10260 | $ 160.00 |
| Execution fee | $ |
| Copies | $ |
| Other: | $ |
| Criminal case fees<br>☐ Partial payment<br>☐ Paid in full | $ |
| Cash bail<br>☐ Transferred to pay criminal fees<br>☐ You must contact person who furnished bail for reimbursement | $ |
| TOTAL | $ 160.00 |

37471
recpt. no.

received by

27306

True Copy Attest

Charles H. Hollis

Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

# Complaint

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [x] NEWPORT

CIVIL ACTION, FILE No. NC05-0185

JEFFREY A. AFFONSO, II
**Plaintiff**

DAVID BISSONETTE, et als.
**Defendant**

***Summons***

Serve-Shawn J. Brown, Finance Director
Town of Middletown
East Main Rd.
Middletown, RI 02842

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Keith B. Kyle, Esq. Plaintiff's attorney, whose address is 130 Bellevue Ave., Unit #3, Newport, RI 02840 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

Charles H. Hollis
CLERK

Dated: April 25, 2005

(Seal of the Superior Court)

SUPERIOR COURT
FILED
CHARLES H. HOLLIS, CLERK
05 APR 29 PM 2:30

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

S- 135 (REV. 10/00)

DOCKET EVENT LISTING

CASE NO.: NC2005 0185 TYPE OTHER CIVIL ACTION
TITLE: JEFFREY A AFFONSO II V DAVID BISSONETTE
FILING DATE: 04-25-2005 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| AFFONSO,JEFFREY A II | PLF | Kyle,Keith B. | AOR |
| BISSONETTE,DAVID OFFICER | DEF | Unknown,Attorney | AOR |
| BROWN,SHAWN J FINANCE | DEF | Unknown,Attorney | AOR |
| BURNS,WILLIAM CHIEF OF P | DEF | Unknown,Attorney | AOR |
| MITCHELL,KELLY OFFICER | DEF | Unknown,Attorney | AOR |
| MIDDLETOWN TOWN OF | BDF | Unknown,Attorney | AOR |

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|
| TML | 04-25-2005 | | | |

COMPLAINT FILED

TML 04-29-2005

SUMMONS,PROOF OF SERVICE FILED
(4 FILED) DAVID BISSONETTE, KELLY MITCHELL, WILLIAM BURNS,
AND SHAWN J BROWN

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

Summons'

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [x] NEWPORT

CIVIL ACTION, FILE No. NC05-085

JEFFREY A. AFFONSO, II
**Plaintiff**

DAVID BISSONNETTE, et als.
**Defendant**

Serve: David Bissonette

***Summons***

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Keith B. Kyle, Esq. Plaintiff's attorney, whose address is 130 Bellevue Ave., Unit #3, Newport, RI 02840

an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

Charles H. Hollis
CLERK

SUPERIOR COURT
FILED
CHARLES H. HOLLIS, CLERK
05 APR 29 PM 2:30

Dated: April 25, 2005

(Seal of the Superior Court)

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

# State of Rhode Island and Providence Plantations

Newport ........,SC

## PROOF OF SERVICE

I hereby certify that on the ......28...... day of ...April 2005...... I served a copy of this summons and a copy of the complaint received therewith upon ......David Bissonette...... in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,...................................................... (Address), with a person of suitable age and discretion then residing therein.

By leaving a copy of the summons and complaint at his/her usual place of abode, ...................................................... , with a person of suitable age and discretion then residing therein.

✓ By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ......Chief Anthony Pesare......

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows: ......personally @ Middletown PD......

Sheriff's Fees

Travel .......................... $..........................

Service ........................ $..........................

$......45......

Dennis M. Taber
Deputy ~~Sheriff~~

DENNIS M. TABER
CONSTABLE, STATE OF RI
LICENSE #6148

CIVIL ACTION

FILE NO. ..........................

SUMMONS

SUPERIOR COURT

JEFFREY A. AFFONSO

VS

DAVID BISSONETTE, et als.

ATTORNEY FOR PLAINTIFF

Keith B. Kyle, Esq.

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [x] NEWPORT

CIVIL ACTION, FILE No. NC05-0185

JEFFREY A. AFFONSO, II
**Plaintiff**

DAVID BISSONETTE, et als.
**Defendant**

Serve-Kelly Mitchell

***Summons***

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Keith B. Kyle, Esq. Plaintiff's attorney, whose address is 130 Bellevue Avenue, Unit #3, Newport, RI 02840 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

Charles H. Hollis
CLERK

Dated: April 25, 2005

SUPERIOR COURT
FILED
CHARLES H. HOLLIS, CLERK
05 APR 29 PM 2:30

(Seal of the Superior Court)

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

S- 135 (REV. 10/00)

# State of Rhode Island and Providence Plantations

Newport, SC

## PROOF OF SERVICE

I hereby certify that on the 26 day of April 2005 I served a copy of this summons and a copy of the complaint received therewith upon Kelly Mitchell in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house, ............ (Address), with a person of suitable age and discretion then residing therein.

By leaving a copy of the summons and complaint at his/her usual place of abode, ............, with a person of suitable age and discretion then residing therein.

✓ By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely Chief Anthony Pesare

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows: personally @ Middletown PD

Sheriff's Fees

Travel ............ $............

Service ............ $............

$ 45

[signature]

Deputy ~~Sheriff~~

DENNIS M. TABER
CONSTABLE, STATE OF RI
LICENSE #6148

CIVIL ACTION

FILE NO. ............

SUMMONS

SUPERIOR COURT

JEFFREY A. AFFONSO, II

VS

DAVID BISSONETTE, et als.

ATTORNEY FOR PLAINTIFF

Keith B. Kyle, Esq.

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [x] NEWPORT

CIVIL ACTION, FILE No. NC05-085

JEFFREY A. AFFONSO, II
**Plaintiff**

DAVID BISSONETTE, et als.
**Defendant**

Serve-William Burns
123 Reservoir Rd
Midd

## *Summons*

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Keith B. Kyle, ESq. Plaintiff's attorney, whose address is 130 Bellevue Avenue, Unit #3, Newprot, RI 02840 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

Charles H. Hollis
CLERK

Dated: April 25, 2005

(Seal of the Superior Court)

True Copy Attest
Charles H. Hollis
Office of Clerk of Superior Court
Newport County
Newport, Rhode Island

SUPERIOR COURT
FILED
CHARLES H. HOLLIS, CLERK
[illegible]R 29 PM 2:30

S- 135 (REV. 10/00)

# State of Rhode Island and Providence Plantations

Newport ,SC

## PROOF OF SERVICE

I hereby certify that on the 27 day of April 2005 I served a copy of this summons and a copy of the complaint received therewith upon William Burns in the following manner:

✓ By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house, ............, with a person of suitable age and discretion then residing therein.
(Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ............, with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ............

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

............

Sheriff's Fees

Travel ............ $............

Service ............ $............

$ 45

Dennis M Taber
Deputy Sheriff

DENNIS M. TABER
CONSTABLE, STATE OF RI
LICENSE #6148

CIVIL ACTION

FILE NO. ............

SUMMONS

SUPERIOR COURT

JEFFREY A. AFFONSO, II

VS

DAVID BISSONETTE, et als.

ATTORNEY FOR PLAINTIFF

Keith B. Kyle, Esq.

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.