**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

05 207 ML

JEFFREY A. AFFONSO, II

*Plaintiff*

V.

C.A. No. 04-
(R.I. Superior Court – NC-05-0185)

DAVID BISSONETTE, Individually and in his capacity as a Police Officer of the Town of Middletown, KELLY MITCHELL, Individually and in her capacity as a Police Officer of the Town of Middletown, SHAWN J. BROWN, in his capacity as Finance Director of the Town of Middletown, and WILLIAM BURNS, Individually and in his former capacity as Chief of Police of the Town of Middletown,

*Defendants*

**ANSWER**

Now come the Defendants, David Bissonette, Individually and in his capacity as a Police Officer of the Town of Middletown, KELLY MITCHELL, Individually and in her capacity as a Police Officer of the Town of Middletown, SHAWN J. BROWN, in his capacity as Finance Director of the Town of Middletown, and WILLIAM BURNS, Individually, and in his former capacity as Chief of Police of the Town of Middletown and answer the plaintiff's complaint as follows:

1. These defendants admit the allegations contained in paragraphs 1, 2, 3, 4, 5 and 6 of the introductory portion of the plaintiff's complaint.

2. These defendants deny the allegations contained in paragraphs 7, 8, 9, 10, 11 and 12 of the introductory portion of the plaintiff's complaint.



4

3. These defendants deny the allegations contained in paragraphs 13, 14, 15 and 16 of count 1 of the plaintiff's complaint.

4. These defendants deny the allegations contained in paragraphs 17, 18 and 19 of count 2 of the plaintiff's complaint.

5. These defendants deny the allegations contained in paragraphs 20, 21, 22 and 23 of count 3 of the plaintiff's complaint.

6. These defendants deny the allegations contained in paragraphs 24, 25, 26 and 27 of count 4 of the plaintiff's complaint.

7. These defendants deny the allegations contained in paragraphs 28, 29 and 30 of count 5 of the plaintiff's complaint.

8. These defendants deny the allegations contained in paragraphs 31, 32, 33 and 34 of count 6 of the plaintiff's complaint.

9. These defendants deny the allegations contained in paragraphs 35, 36, 37 and 38 of count 7 of the plaintiff's complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These defendants plead absolute and qualified immunity as a bar to the within complaint.

### SECOND AFFIRMATIVE DEFENSE

These defendants plead the statutory cap on damages as a bar and restriction on the amount of damages recoverable in this matter.

THIRD AFFIRMATIVE DEFENSE

These defendants plead the public duty doctrine as a bar to the within complaint.

FOURTH AFFIRMATIVE DEFENSE

These defendants plead all forms of statutory and common law immunity as a bar to the within complaint.

FIFTH AFFIRMATIVE DEFENSE

These defendants plead that the claims against these defendants are barred, in whole or in part, because the alleged injuries, if any, were proximately caused by their own negligence of wrongdoing.

SIXTH AFFIRMATIVE DEFENSE

These defendants plead failure to state a cause of action against the named defendants in their individual capacities.

**These defendants demand trial by jury.**

Defendants,
By their attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within *Answer* was mailed, postage prepaid, on this 11th day of May 2005, to:

Keith B. Kyle, Esq. #3876
Houlihan, Managhan & Kyle, LLP
130 Bellevue Avenue, Unit #3
Newport, RI 02840